BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
TODD A. PICKLES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR S 10-0223 JAM |
| Plaintiff, | MOTION TO DISMISS; ORDER |
| v. | |
| CONNIE DEVERS, | |
| Defendant. | |

Connie Devers was one of ten defendants charged in the above-referenced case with conspiring to commit mortgage fraud and to make false statements in loan applications, mail fraud, and making false statements in loan applications in an indictment returned on June 10, 2010. Docket, no. 1. All of Devers' co-defendants entered guilty pleas except for Hoda Samuel, who proceeded to trial and was convicted on January 22, 2013. Docket, no. 315.

Devers was severed from the case in advance of Samuel's jury trial after it was learned that Devers had been diagnosed with cancer. *See* Docket, no. 245. From the date of that diagnosis, Devers' condition and her ability to stand trial has been a subject of dispute between the parties, as the government has struggled to reconcile and understand the limited health records provided and the brief but varying statements by her caregivers as to her condition. In December of 2014, the government

MOTION TO DISMISS 1

stipulated with Devers' counsel that based upon the results of a mental examination, she was currently incompetent to stand trial. Docket, no. 670.

In the summer and early fall of 2015, counsel for Devers provided the government with additional medical records. The government retained the services of a board certified oncologist to review these records and render an opinion as to her condition and prognosis. That review has been completed.[1] Based upon consultations with the retained oncologist, the government can assert with a reasonable level of certainty that Devers' competency to stand trial is unlikely to return, and that her physical condition and prognosis are such that the prospects of a trial in this matter are very poor.

As established over the course of the trial of the lead defendant in this case, the evidence of Devers' guilt and culpability are overwhelming. She didn't merely lie to large financial institutions, she pulled in and used her family and friends to establish those lies, and she profited handsomely while few of those that she involved did. With that said, the government believes there will be no opportunity to hold Devers accountable for her acts. Given that belief, the government can discern no purpose in continuing these proceedings while Devers contends with the advanced stages of her condition. For these reasons, pursuant to Federal Rule of Criminal Procedure 48(a), the government respectfully requests leave to dismiss Counts 1-31, 40, 42, and 46-47 from the above-referenced indictment, insofar as those counts are brought against defendant Connie Devers.

Dated: November 30, 2015

BENJAMIN B. WAGNER
United States Attorney

/s/ Philip A. Ferrari
PHILIP A. FERRARI
Assistant United States Attorney

---

[1] The review confirmed the government's earlier assertions that for a time Devers was in fact in remission. *See* Docket, no. 413. Unfortunately, that condition did not persist.

MOTION TO DISMISS                         2

# ORDER

For the reasons set forth above, Counts 1-31, and 40, 42, and 46-47 in case no. CR S 10-223 JAM are DISMISSED, insofar as those counts are brought against defendant Connie Devers.

**SO ORDERED:**

DATED: 12-1-2015

HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE